**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YESENIA CAROLINA REYES HERNANDEZ, | Case No.: 26cv1910 DMS VET |
| Petitioner, | **ORDER GRANTING PETITION** |
| v. | |
| MARKWAYNE MULLIN, Secretary, Department of Homeland Security; PAM BONDI, Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; WARDEN OF OTAY MESA DETENTION CENTER, | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus.  (Pet., ECF No. 1.)  Respondents filed a Return to the Petition.  (Return, ECF No. 4.)  Petitioner did not file a Traverse.  Having considered the parties' briefs, the relevant legal authority, and the record, the Court grants the Petition.

Petitioner entered the country without inspection on November 25, 2008.  (Pet. ¶ 29.)  She was placed in removal proceedings on March 12, 2023 and charged with

inadmissibility for entering the United States without inspection. (*Id.* ¶ 28.) She is now being mandatorily detained without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2) at the Otay Mesa Detention Center. (*Id.* ¶¶ 29–31; Return 1.) Petitioner contends that because she was residing within the United States when she was charged as inadmissible, she should instead be subject to 8 U.S.C. § 1226(a)'s discretionary detention framework. (Pet. ¶ 34.) Respondents maintain that Petitioner is subject to mandatory detention under § 1225(b)(2) but concedes that this Court and others in this District have generally found noncitizens residing in the interior do not fall under § 1225(b)(2)'s mandatory detention scheme. (Return 1–2 (collecting cases).) Indeed, the facts, claims, and arguments in this case are similar to those presented in the Court's previous decisions, including *Garcia v. Noem*. 803 F. Supp. 3d 1064, 1078 (S.D. Cal. 2025). In line with this Court's previous rulings, the Court finds Petitioner is entitled to a bond hearing under § 1226(a) and grants the Petition.

Respondents are directed to arrange an individualized bond hearing for Petitioner before the Immigration Court within **fourteen (14) days** of the entry of this Order. Respondents are further ordered to file a Status Report within **twenty-one (21) days** of this Order's entry, confirming Petitioner received a bond hearing and the outcome of that hearing.

**IT IS SO ORDERED.**

Dated:  April 21, 2026

Hon. Dana M. Sabraw
United States District Judge

2

26cv1910 DMS VET